UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLAN LASLEY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:18-CV-00347 |
| § | |
| ACADEMY LTD; dba ACADEMY SPORTS § | |
| & OUTDOORS; ca KKR & CO LP; ca § | |
| ASSOCIATED INVESTORS LLC; ca § | |
| ACADEMY MANAGING CO LLC, § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Pending before the Court in the above-referenced Fair Labor Standards Act cause is Plaintiff Allan Lasley's ("Lasley") Motion for Leave to Amend Complaint ("Motion"), Doc. 24, and Defendant Academy, Ltd. d/b/a Academy Sports + Outdoors's ("Academy") Response, Doc. 25. After careful consideration of the filings, record, and law, the Court grants Plaintiff's motion with conditions.

Lasley filed his Complaint as a collective action seeking unpaid overtime for himself and other Academy managers and assistant managers under the Fair Labor Standards Act ("FLSA"). Doc. 1. Academy answered Lasley's Complaint. Doc. 8.

According to his Motion to Amend, Lasley later informed his counsel that he wanted to withdraw from the case. Doc. 24 at 1. Lasley now seeks leave to amend his Complaint, substituting Rusty Robbins and Dustin Trainer. *Id*. Lasley further asserts that the amendment "will not prejudice any party" because the case is in "early stages of this litigation as no schedule report has been filed and no discovery has been served." *Id*. at 2.

Academy responds that this Motion to Amend is a disguised motion to dismiss. Academy asks the Court to either "dismiss [Lasley's] claims with prejudice" or to condition dismissal without prejudice to allow Academy to "seek full discovery from Mr. Lasley . . . as if he were a named plaintiff" if Lasley opts into the lawsuit at a later date. Doc. 25 at 24–25. Academy asserts that it may be prejudiced if it has to "defend itself against two lawsuits," or if Lasley rejoins the case as an opt-in plaintiff, and it cannot execute proper discovery on him. *Id*.at 3.

Lasley responds that he will permit discovery "as allowed by the Federal Rules of Civil Procedure," but would not agree to a "blind blanket stipulation." Doc. 24 at 2.

## I. Legal Principles

### A. Amendment

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (unpublished). Rule 15(a) allows a party to amend its pleadings once as a matter of course within 21 days of serving it or, if a responsive pleading is required, 21 days after service of a responsive pleading. FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" and courts must "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

In deciding whether to grant leave to file an amended pleading, the district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party, and futility of amendment." *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).

Once a trial court imposes a scheduling order, however, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings. *Tex. Indigenous Council v. Simpkins*, 544 Fed. App'x 418, 420 (5th Cir. 2013) (per curiam) (unpublished). Under Rule 16(b), once a scheduling order's deadline has passed, that scheduling order may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Accordingly, in order for the more liberal standard of Rule 15(a) to apply to a post-deadline amendment, a party "must show good cause for not meeting the deadline." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citation and internal quotation marks omitted).

**B. Dismissal**

Federal Rule of Civil Procedure 41(a) provides for voluntary dismissal "without prejudice," stating in relevant part, that the Plaintiff can dismiss their case "before opposing party serves either an answer or a motion for summary judgment" or with "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1).

Where a defendant has filed an answer or a motion for summary judgment, a plaintiff may move for dismissal by court order. FED. R. CIV. P. 41(a)(2). Such motions are generally granted "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co. L.P.*, 500 F. App'x. 267, 268 (5th Cir. 2012) (per curiam). A court may refuse

to grant a voluntary dismissal where a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Harris*, 500 F. App'x at 268; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs.*, Inc., 903 F.2d 352, 360 (5th Cir. 1990); *see, e.g., Thomas v. Miramar Lakes Homeowners Ass'n*, No. 4:13-CV-1479, 2014 WL 3897809, at *4 (S.D. Tex. Aug. 6, 2014) (denying motion for voluntary dismissal filed almost a year later where defendants answered, participated in scheduling conferences, filed a dispositive motion, and participated in out-of-court mediation and settlement negotiations).

If the court determines that a dismissal without any conditions will cause the defendant plain legal prejudice, the court may either deny the motion or impose conditions to cure the prejudice. *Harris*, 500 Fed. Appx. at 268 (citing *Elbaor*, 279 F.3d at 317–18). The court must not craft conditions that are overbroad. *Elbaor*, 279 F.3d at 320. One alternative available to the court is to dismiss the action with prejudice. *Harris*, 500 Fed. Appx. at 268 (citing *Elbaor* at 319). Dismissal with prejudice is the "harshest condition available to it." *Elbaor*, 279 F.3d at 319. If the court chooses to craft conditions, the plaintiff must be given an opportunity to withdraw its motion to dismiss rather than accept those conditions. *Elbaor*, 279 F.3d at 320.

Both rules 15(a)(2) and 41(a)(2) have similar rubrics. Rule 15 asks a court to grant amendment unless it finds undue delay, bad faith, dilatory motive, or prejudice. *See In re Am. Intern. Refinery, Inc.*, 676 F.3d at 466. Rule 41 asks a court to grant dismissal unless a defendant will be plainly prejudiced, such as dismissal at a late stage of the proceedings or dismissal would deprive the defendant of a statute of limitations defense. *See Harris*, 500 F. App'x. at 268. For both Rules 15 and 41, a court considers the behavior of the plaintiff, the stage of litigation, and the prejudice to the defendant.

## II. Discussion

Here, Lasley asserts that Court's decision should fall under the amendment rule, Rule 15, and Academy asserts that it should fall under the dismissal rule, Rule 41. The Court will consider the decision under rules 15(a)(2) and 41(a)(2) because an Answer has been filed. Under either rule, the court considers (1) the behavior of the plaintiff, (2) the stage of litigation, and (3) the prejudice to the defendant. *See In re Am. Intern. Refinery, Inc.*, 676 F.3d at 466, *Harris*, 500 F. App'x. at 268. As to his behavior, (1) no party alleges that Lasley has acted with ill intent. As to the stage of litigation, (2) Lasley correctly asserts that the case is at the "early stages" with no scheduling order. Doc. 24 at 2.

Academy does assert (3) potential prejudice if Lasley rejoins as an opt-in plaintiff. Academy asserts that it may be prejudiced by having to "defend itself against two lawsuits," and might not have proper access to discovery against Lasley if he rejoins the case as an opt-in plaintiff. Doc. 25 at 3. Lasley responds that it will permit discovery "as allowed by the Federal Rules of Civil Procedure," but would not permit a "blind blanket stipulation." Doc. 24 at 2. While another potential lawsuit is not prejudicial, *see Elbaor*, 279 F.3d at 317, a blanket inability to seek discovery from one who brought a claim and who may passively benefit from a lawsuit may constitute prejudice. More importantly, Lasley is not opposed to future discovery. He is only opposed to a blind and blanket stipulation. Thus, the Court holds that normal discovery will be permitted against Lasley if he opts into the lawsuit at a later date. The Court further holds that this discovery requirement is a condition of Lasley's dismissal from this suit without prejudice. But because the Court adds this condition, Lasley must be allowed fourteen (14) days to consider and accept the condition. *See id.* at 320.

## III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Lasley's Motion for Leave to Amend Complaint, Doc. 24, dismissing Lasley without prejudice, is **GRANTED** with the following condition: If Lasley opts into the lawsuit at a later date, he will be subject to discovery as if he were a plaintiff rather than an opt-in plaintiff. It is further

**ORDERED** that Lasley respond within fourteen (14) days from the date of this order on whether he accepts the condition.

SIGNED at Houston, Texas, this 12th day of June, 2018.

                                                MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE