United States District Court
Southern District of Texas
**ENTERED**
August 01, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSTY ROBBINS and DUSTIN TRAINER, | § § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. 4:18-CV-00347 |
| ACADEMY, LTD d/b/a ACADEMY, SPORTS + OUTDOORS, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge upon referral from the District Judge is Plaintiffs' Motion for Conditional Certification and for Approval and Facilitated Notice to Similarly Situated Employees (Document No. 69). In that motion, Plaintiffs Rusty Robbins and Dustin Trainer, who filed this FLSA case on behalf of themselves and all others similarly situated, complain that Defendant improperly classified their store managers, including Hardlines Managers, Softlines Managers, Logistic Managers, Operations Managers, or other Assistant Managers in comparable roles with different titles, as exempt "executives" from the overtime requirements of the FLSA, and failed to pay them overtime wages earned. They seek certification of this case as a collective action of "all current and former store managers employed by Academy at any time from three years preceding the filing of this lawsuit, through the entry of final judgement in this case." (Document No. 69 at 12). Additionally, Plaintiffs seek an Order: (1) requiring Academy to produce a computer-readable data file containing the names and contact information for all collective members, (2) authorizing Plaintiffs to mail, email, and text the proposed Notice and Consent to Join Form to the collective, (3) authorizing Plaintiffs to create a website where members of the FLSA collective can review

the notice and join the case, and (4) allowing Plaintiffs to post the notice in Academy's break rooms and to include the notice in Store Manager's pay envelopes or other method of delivery of their paycheck information. (Document No. 69 at 21). Having considered the motion and the affidavit evidence submitted in support, Defendant's Response in Opposition (Document No. 75), the Plaintiff's Reply (Document No. 77), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Motion for Conditional Certification and for Approval and Facilitated Notice to Similarly Situated Employees (Document No. 69) be GRANTED.

**I. Background**

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, with Plaintiffs alleging that Academy's store managers were subject to a single decision, policy, or plan in violation of the FLSA, warranting the issuance of notice to the putative collective, and to conditional certification of "all store managers, including Hardlines Managers, Softlines Managers, Logistics Managers, and Operations Managers, who worked at any Academy location for the three years preceding the filing of this lawsuit." (Document No. 69 at 3). Plaintiffs have submitted Declarations from the Named Plaintiffs, Corporate Representatives of Academy, and twenty-one Opt In Plaintiffs in support of their Motion for Conditional Certification. Plaintiffs argue that all of the Declarations establish that Academy subjects Plaintiffs and other store managers to the same uniform policy, that the store managers are similarly situated with regard to their job duties and compensation, and that the store managers receive the same training and are subject to the same evaluation matrices. (Document No. 69 at 2 and 3). Relying upon this evidence, Plaintiffs further argue that they have exceeded their burden for conditional

2

certification, and their proposed forms of notice should be approved.

In response to Plaintiffs' Motion for Conditional Certification and for Approval and Facilitated Notice to Similarly Situated Employees, Academy does not address whether or not the Plaintiffs have met their burden for conditional certification. Instead, Academy first argues that the Court should delay consideration of Plaintiff's motion for conditional certification until after the Court rules on Academy's motions for summary judgment on Trainer's and Robbin's claims. Academy then argues, in the event the Court is unwilling to delay consideration of the motion for conditional certification, about the manner and form of the proposed collective action notice.

## II. Plaintiff's Motion for Conditional Certification

Section 16(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id.* Thus, unlike a FED. R. CIV. P. 23 class action, a representative action under § 16(b) "follows an 'opt-in' rather than an 'opt-out' procedure." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). *See also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975).

In *Hoffman-La Roche, Inc. v. Sperling*, the U.S. Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." 493 U.S. 165, 169, 110 S. Ct. 482, 486 (1989). Although the Fifth Circuit has not directly addressed the meaning of "similarly situated" in this context, it has reviewed two methods used to resolve this issue. The first approach, the *Shushan* method, treats the "similarly situated" inquiry as coextensive with Rule 23 class certification, and therefore, courts should look

3

at numerosity, commonality, typicality and adequacy of representation factors to determine whether to certify a class. *See Mooney*, 54 F.3d at 1214, citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990). The second approach involves a two-stage class certification set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D. N.J. 1987). *See Mooney*, 54 F.3d at 1213. The two-stage process consists of a "notice" stage followed later by a "decertification" stage. *Mooney*, 54 F.3d at 1213-14. During the "notice" stage, the Court determines whether notice of the action should be given to potential class members. *Id.* Since the evidence available is limited, the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt-in." *Id.* at 1214. To satisfy the "notice" stage's lenient standard, "a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit" to satisfy the lenient standard. *Prater v. Commerce Equities Mgmt. Co.*, 2007 U.S. Dist. LEXIS 85338 at *12 (S.D. Tex. Nov. 19, 2007).

  Here, utilizing this two-stage process, *see e.g. Cruz v. Conocophillips*, 208 F.Supp.3d 811, 816 (S.D. Tex. 2016) (utilizing *Lusardi* approach); *Hernandez v. Robert Dering Construction, LLC*, 191 F.Supp.3d 675, 681 (S.D. Tex. 2016) (utilizing *Lusardi* approach), Plaintiffs have satisfied the lenient standard recognized in *Lusardi* for a class consisting of store managers because they have satisfied all three factors recognized in *Prater*. First, Plaintiffs assert that "Academy violated the FLSA by misclassifying them and the similarly situated store managers as exempt "executives" and failing to pay them overtime compensation." (Document No. 69 at 3). The overtime compensation that Academy has failed to pay comes from the expectation that Academy

4

puts on its store managers to work an excess of 40 hours per week.[1] *See Prater* at *14 (holding that the plaintiffs satisfied the first fact by alleging that the defendants failed to pay overtime for hours worked in excess of forty in a given week). Second, Plaintiffs have asserted that they perform similar duties as store managers[2], which is also made evident from the fact that Academy used the same job descriptions for all store managers.[3] Further, regardless of title or location, store managers are paid a salary and entitled to the same benefits[4], are expected to work at least 40 hours per week[5], are not paid overtime[6], are subject to the same training procedure[7], and are evaluated based on the same metrics.[8] *See Prater* at *18 (holding that plaintiffs showed that the employees were similarly situated by asserting that "all the apartment office employees basically performed the same duties, were entitled to receive overtime payment, but were not paid overtime"). Third, the 21 declarations from the Opt In Plaintiffs shows there are people who will opt in that are similarly situated. As such, Plaintiffs have met their lenient burden for conditional certification, and the Defendant does not rebut this assertion.[9] Thus, Plaintiffs' Motion for Conditional Certification should be granted.

---

[1] The Declaration from Douglass Alexander, a corporate executive, states that on average, store managers work 40 to 45 hours a week. (Document No. 69 at 49).
[2] The Declarations from both Robbins (Document No. 69 at 41) and Trainer (Document No. 69 at 37) state that the majority of their time as store managers was spent performing the duty of customer service.
[3] The Declaration from Kelly Pontigo, a corporate representative, states that the "same job description applied to all store managers regardless of the location where they worked." (Document No. 69 at 81).
[4] The Declaration from Kelly Pontigo, a corporate representative, states that all store managers were paid a salary and entitled to the same benefits. (Document No. 69 at 75).
[5] The Declaration from Douglass Alexander, a corporate representative, states that it is a general expectation for store managers to work on average 40 to 45 hours per week. (Document 69 at 49).
[6] The Declaration from Kelly Pontigo, a corporate representative, states that the store managers were not paid overtime during the relevant time period. (Document No. 69 at 80).
[7] The Declaration from Samantha Munoz, a corporate representative, states all store managers were subject to the same store manager training program. (Document No. 69 at 104).
[8] The Declaration from Kelly Pontigo, a corporate representative, states that regardless their title, all store managers were evaluated using the same form. (Document No. 69 at 76).
[9] *See Magdaleno v. PCM Constr. Servs., LLC*, No. 12 Civ. 2862, 2014 U.S. Dist. LEXIS 61890, at *29 (S.D. Tex. Apr. 8, 2014) ("Defendant PCM did not respond to Plaintiff's motion to conditionally certify, which under the Local Rules is a representation of no opposition. See LR 4.7.").

5

As for Academy's argument that judicial economy weighs in favor of the Court first addressing the FLSA exemption issues contained in Academy's Motions for Summary Judgment, the undersigned has given measured consideration to that argument and concludes that there is no authority that would unequivocally support a delay in the certification issue nor is there clear economy/efficiency to be gained by such a delay. Both sides have briefed the issue of whether the certification issue or the merits-based summary judgment issues should be decided first, with each side citing to cases that support their position. None of those cases provide any guidance on when, and under what circumstances, conditional certification issues in an FLSA case should be delayed.

Here, Academy's position is that its managers are exempt executives under the FLSA, who were not entitled to overtime, and deciding the exemption issue first will save the parties, and the Court, time, money and effort on a certification effort that will be to no effect in the end. Plaintiffs, on the other hand, believe that the discovery that they have been allowed to engage in will allow them to show, or at least raise a genuine issue of material fact on, the applicability of the executive exemption. While it cannot be decided, or even commented on, in this certification context, whether the exemption issue raised by Academy in its Motions for Summary Judgment has any arguable merit, what is clear is that Academy initially sought to have the exemption issue decided without affording Plaintiffs any meaningful discovery on the exemption issues. That effort was overridden by the granting of Plaintiffs Rule 56(d) Motions for Extension of Time to respond to Academy's Motions for Summary Judgment. Given the extension of time, and the Local Rules which now provide for the filing of Replies, Academy's Motions for Summary Judgment cannot yet be decided. In addition, the efficiency/economy consideration is not as straightforward as advanced by Academy. If the certification issue is decided first, and it is later determined that the executive exemption applies, then the FLSA overtime issue(s) will have been decided for the class

as a whole; if, on the other hand, the summary judgment issues are decided first and decided in Academy's favor, the summary judgment ruling would arguably only apply to the named Plaintiffs and all parties would run the risk of another collective action case being filed. In addition, the cost associated with certification is to be borne by Plaintiffs, and it is Plaintiffs who are risking their resources to pursue certification at this stage while facing summary judgment motions on the FLSA exemption issue. Because the efficiency/economy considerations do not clearly and heavily weigh in favor of delaying a ruling on the certification issue, the undersigned concludes that Plaintiffs' Motion for Conditional Certification can and should be decided now.

### III. Plaintiff's Proposed Forms of Notice

As for the form and type of notice to be provided to the certified class, the parties dispute: (1) whether the form's temporal scope should precede the date the court approves the notice or the date when the complaint was filed; (2) whether the form's notice period should be 120 or 60 days; (3) whether the notice should be issued only by mail rather than by email, text, and mail; (4) whether the Defendant should be required to post the notice in break rooms or include it in the store manager's pay checks; (5) whether a reminder can be sent without proof that multiple reminders are necessary; and (6) whether Defendant should have to produce the last known home and cellular telephone numbers, last known personal and work email addresses, or last four digits of social security numbers for putative class members whose notices are returned as undeliverable. Not in dispute is the nationwide form of notice, the temporal scope's three-year period, Plaintiff's request for a website, Defendant's request to add to the form the putative class member's discovery obligations and indicate that they may be required to travel to Houston, and Defendant's request to add to the form an explanation of Defendant's reasons for denying liability.

With respect to the items in dispute, the undersigned concludes that the three year look back period for the form's temporal scope should precede the date that the court approves notice;[10] that a 90-day opt-in period is reasonable based on past precedent;[11] and that the notice should be disseminated by mail and email.[12] However, requiring Academy to post the notice in its break rooms and to include the notice along with the store managers' paychecks is overly intrusive,[13] and a reminder notice does not seem warranted.[14] As for the final issue in dispute, Academy need should not have to produce the last known home and cellular telephone numbers, last known personal and work email addresses, or last four digits of social security numbers for putative class members whose notices are returned as undeliverable, but rather, as Defendant suggests, "Plaintiffs can request whatever additional information is necessary to find the current address" "for any putative class member whose notice is returned as undeliverable." (Document no. 75 at 18).[15]

## IV. Conclusion and Recommendation

Based on the foregoing, and the conclusion that certification can and should be decided at this stage, the Magistrate Judge

---

[10] *See Moreno v. Nat'l Oilwell Varco, L.P.*, 2017 U.S. Dist. LEXIS 196199 at *20 (S.D. Tex. Nov. 29, 2017) (holding that the class would include "[a]ll current and former rig welders who repaired and refurbished drilling rigs who worked for NOV at the Galena Park location during the three years prior to the date notice is approved").

[11] *See Hernandez v. Helix Energy Sols. Grp., Inc.*, 2018 U.S. LEXIS 197276 at *14 (S.D. Tex. Nov. 20, 2018) (holding that the court approved of the form of notice including a 90-day opt-in period); *see Ratliff v. Pason Sys. United States Corp.*, 196 F. Supp. 3d 699, 703 (S.D. Tex. 2016); *see Abdur-Rahim v. Ameron, Inc.*, 2013 U.S. Dist. LEXIS 164221 at *11 (S.D. Tex. Nov. 19, 2013).

[12] *See Wade v. Furmanite Am., Inc.*, 2018 U.S. Dist. LEXIS 75624 at *22 (S.D. Tex. May 4, 2018) (recognizing that millions of Americans rely on email and to fulfill the purpose of notice, both email and mail are approved).

[13] *See In re Wells Fargo Wage & Hour Emp't Practices Litig.*, 2013 U.S. Dist. LEXIS 70040 at *8 (S.D. Tex. May 17, 2013) (agreeing with the defendant's argument that posting notice in the defendant's office would be "merely supplemental to the mailed notice and are therefore overly intrusive").

[14] *See id.* at *10 (holding that the reminder notices were not necessary or appropriate).

[15] *See id.* at 11 (holding that Plaintiff could only request a potential plaintiff's social security number if the "potential plaintiffs whose notice forms [were] returned as undeliverable" because of the personal nature of social security numbers).

RECOMMENDS that Plaintiffs' Motion for Conditional Certification and for Approval and Facilitated Notice to Similarly Situated Employees (Document No. 69) be GRANTED, that the Court conditionally certify a class of "all current and former store managers employed by Academy at any time from three years preceding the filing of this lawsuit, through the entry of final judgment in this case," and that Notice be sent to class members, with provisions in and for the notice as set forth above.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 15th day of August, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE